UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
KENNETH WILLIAM KIMPTON II,

                    Plaintiff,                    04-CV-6122T

v.                                                DECISION
                                                  and ORDER

JO ANNE BARNHART, COMMISSIONER
OF SOCIAL SECURITY,

                    Defendant.
_____

                        INTRODUCTION

     Plaintiff Kenneth William Kimpton, II, ("Kimpton"), brings
this action pro se seeking to reverse the final decision of the
defendant Commissioner of Social Security awarding Social Security
Disability benefits to the plaintiff.  Specifically, Kimpton, who
was awarded full disability benefits by the Commissioner, with
payments commencing on September 4, 2002, claims that the
Commissioner erred in not awarding benefits dating to March, 2001,
the date on which he claims his disability began.

     By motion dated December 1, 2004, the Commissioner of Social
Security ("Commissioner") seeks judgment on the pleadings on
grounds that her determination is supported by substantial evidence
contained in the record.  Specifically, the Commissioner notes that
the plaintiff, who was represented by counsel during his
administrative proceedings, stipulated that his disability began on
September 4, 2002, not March, 2001, (when plaintiff filed his
administrative complaint), or October 11, 2000, (the disability
date originally alleged in the administrative complaint).  Further,

the Commissioner argues that even if the plaintiff had not stipulated to a disability date of September 4, 2002, the record contains substantial evidence which supports her finding that plaintiff's disability onset date is September 4, 2002, and not October 11, 2000, or March, 2001.

For the reasons set forth below, I find that plaintiff stipulated to a disability onset date of September 4, 2002 and that the stipulated date is binding on the parties. Furthermore, I find that even in the absence of the stipulation, the commissioner's determination that Kimpton's disability commenced on September 4, 2002 is supported by the substantial evidence contained in the record. Accordingly, I grant the Commissioner's motion for judgment on the pleadings and dismiss plaintiff's complaint with prejudice.

<u>DISCUSSION</u>

I.    <u>Jurisdiction and Scope of Review</u>.

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Consolidated Edison</u>

Co. v NLRB, 305 U.S. 197, 229 (1938).  Section 405(g) thus limits the court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See, Mongeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that the reviewing court does not try a benefits case de novo).  The court is also authorized to review the legal standards employed by the Commissioner in evaluating the plaintiff's claim. Finally, the court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F.Supp 265, 267 (S.D. Tex. 1983) (citation omitted).

II.  The Commissioner's Motion for Judgment on the Pleadings

I find that the substantial evidence contained in the record supports the Commissioner's determination that plaintiff's disability commenced on September 4, 2002, and not the earlier date of October 11, 2000, or March, 2001, as asserted by the plaintiff. Initially, it is undisputed that the plaintiff, who was represented by counsel during his administrative proceedings, stipulated that September 4, 2002 was the onset date of his disability.  Absent extraordinary circumstances, clear error, or manifest injustice, a stipulation of fact is binding on the parties as well as the court. H. Hackfeld & Co. v. United States, 197 U.S. 442, 447 (1905); Marquez-Massas v. Squibb Manufacturing, Inc., 344 F.Supp.2d 315, 320 (D. P.R., 2004).

In the instant case, Kimpton has not alleged any basis for rescinding the stipulation.  Instead, plaintiff alleges that his history of disability is well documented since childhood, and on that basis, the Commissioner should have determined that his disability began in March, 2001.  Plaintiff fails to allege or establish that he was coerced into stipulating to a disability onset date of September 4, 2002, or that he did not understand the stipulation he entered into.  Accordingly, I find that the plaintiff has not set forth any valid basis for setting aside his stipulation.

Moreover, even if the stipulation were not valid, I find that the Commissioner properly determined that September 4, 2002 was the date on which plaintiff's disability began.  While the evidence in the record demonstrates that plaintiff did suffer from several serious impairments prior to September 4, 2002, the evidence also establishes that the plaintiff's drug and alcohol addiction prior to September 4, 2002 was a contributing factor to his disability, thus precluding him from eligibility for Social Security benefits.  See 42 U.S.C. § 1382c(a)(3)(j)(where drug or alcohol addiction is a contributing factor to finding of disability, claimant not eligible for disability benefits).  I therefore find that even if the stipulation entered into by the plaintiff did not preclude him from seeking benefits dating to March 2001 or October, 2000, the evidence amply demonstrates that plaintiff was not eligible for

benefits because of drug and alcohol addiction until September, 2002.

### CONCLUSION

For the reasons set forth above, the defendant's motion for judgment on the pleadings is granted, and plaintiff's complaint is dismissed with prejudice.

ALL OF THE ABOVE IS SO ORDERED.


                          S/ Michael A. Telesca
                          MICHAEL A. TELESCA
                        United States District Judge

DATED:    Rochester, New York
          April 26, 2005